### FRAME & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 10, 1906.)

#### No. 4,034.

CUSTOMS DUTIES—CLASSIFICATION—GROUND PEPPER—"GRINDING."

    The residuum in the process of decorticating pepper berries, consisting of the inner cuticle in the form of a powder, which, without further grinding, is mixed with ground pepper as an adulterant, is not within the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 667, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], for pepper "unground." It is sufficient if the pepper reaches its ground condition by decortication, or some other process equivalent to grinding, to be excluded from this provision.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,045 (T. D. 26,374), affirming the assessment of duty by the collector of customs at the port of New York.

Walden & Webster (Henry J. Webster, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The importation, described in the protest as spices, consists of ground pepper. The evidence shows that black peppers are decorticated by a boxlike machine, having in its center a revolving stone covered by a wire screen. The product from the machine has three parts—a coarse, broken shell, the middle portion, having a ground appearance, and a white kernel. The latter part of the pepper berry is entitled to free entry, while the finer material, though very cheap and used as an adulterant, was assessed for duty by the collector under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 287, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653], for "spices not specially provided for." The importers contend that the merchandise is entitled to free entry under paragraph 667, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], which specifies "pepper, black or white, and pimento, all the foregoing when unground," or, in the alternative, as waste or as a nonenumerated article. In United States v. Leggett (C. C.) 124 Fed. 1015, it was held that the outer shells of pepper berries and the kernels, in fact, are pepper. We are here concerned with an intermediate covering, between the outer shell and the kernel. As said in the opinion of the board:

"The goods subject of this protest are the residuum from this continued operation of removing the inner cuticle from the white kernel."

Such residuum has a ground appearance; hence, the single question involved for tariff purposes is whether the article has undergone a process of grinding or not. It is unimportant, I think, whether the commodity reached its powdery state by a system of decortication or grinding. The process by which the outer shell is removed to reach the kernel is thought to be the equivalent of grinding as that term is defined in standard dictionaries. The middle portion of the berry is used, according to the evidence, without further grinding, for the purpose of mixing the same with ground pepper, and after such admixture it is sold as ground pepper. The importers contend that the article is commercially known as pepper shells, and is sold and delivered by that designation. It is undoubtedly a general rule of construction that the trade understanding should govern the determination to which an article of merchandise pertains before recourse may be had to the common designation. The evidence, however, to establish such trade understanding, must be "definite, uniform, and general, and not partial or local." Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588, 38 L. Ed. 482; Nordlinger v. U. S. (C. C.) 115 Fed. 828. In this case the evidence in relation to the claimed trade understanding or designation was before the board and was evidently regarded as insufficient to establish the claim. I have examined the proof, and it does not convincingly indicate that there was a general trade designation such as claimed by the importers.

The decision of the Board of General Appraisers overruling the protest is affirmed.